IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK JAY JANUSZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 13 C 464 |
| v. ) | |
| ) | Magistrate Judge |
| CAROLYN W. COLVIN, ) | Maria Valdez |
| acting commissioner of Social ) | |
| Security,[1] ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Mark Janusz ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied his claim for Social Security Disability Insurance ("SSDI") benefits. The parties have consented to the jurisdiction of this Court pursuant to 28 U.S.C. § 636(c). For the following reasons, the Court denies Plaintiff's Motion for Summary Judgment, [Doc. No. 11].

---

[1] Carolyn W. Colvin is substituted for her predecessor, Michael J. Astrue, pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

I.  **PROCEDURAL AND FACTUAL HISTORY**[2]

Plaintiff has suffered from scoliosis since he was a child. Unfortunately, on March 7, 2007, he suffered a work-related accident and severely injured his back, which prevented him from returning to his old job. As his back pain worsened and spread to his legs, Plaintiff found himself unable to live his life as he once had, and he became depressed as a result. He thus filed a Title II application for SSDI benefits, alleging a disability onset date of May 17, 2007. His application was denied initially and upon reconsideration. Accordingly, Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ"), who determined that Plaintiff was not disabled at Step Five of the Social Security Administration's sequential analysis.

At the hearing, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease and depression. After determining that Plaintiff did not meet any listed impairment, the ALJ then calculated Plaintiff's Residual Functional Capacity ("RFC") and found that he could perform sedentary work with the following exceptions: he should only occasionally climb ramps and stairs, but never ladders, ropes, or scaffolds; he should only occasionally balance, stoop, kneel, crouch, or crawl; and his work should not involve anything more than simple, routine, and repetitive tasks, performed in a low-stress

---

[2] The following facts from the parties' submissions are undisputed unless otherwise noted.

environment involving only occasional decision-making, few work-place changes, and no strict production quotas.

The ALJ then consulted with a Vocational Expert ("VE") to determine if Plaintiff could perform his past relevant work or any jobs in the national economy. On the basis of his RFC assessment and the VE's testimony, the ALJ concluded that Plaintiff could not perform his past relevant work, but that he could perform other jobs that existed in significant numbers in the national economy. The ALJ thus found that Plaintiff was not disabled under the Social Security Act.

## **STANDARD OF REVIEW**

I. **ALJ LEGAL STANDARD**

Under the Social Security Act, a person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a claimant is disabled, the ALJ conducts a five-step analysis and considers the following in order: (1) Is the claimant presently unemployed? (2) Does the claimant have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the claimant unable to perform her former occupation? and (5) Is the claimant unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the claimant is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The claimant bears the burden of proof at steps 1–4. *Id.* Once the claimant shows an inability to perform past work, the burden then shifts to the Commissioner to show the claimant's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). Under this standard, the ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). Rather, the ALJ must simply "build an accurate and logical bridge from the evidence to his conclusion," *Clifford*, 227 F.3d at 872, and minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005).

On appeal, a court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841. Thus, where conflicting evidence would allow reasonable minds to differ, the court must defer to the decision of the Commissioner. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990).

## **DISCUSSION**

Plaintiff argues that the ALJ's decision is neither supported by substantial evidence nor based upon proper legal standards, asserting: (1) the ALJ erred at Step Two by failing to consider all of Plaintiff's severe impairments; (2) the ALJ improperly discredited the opinion of Plaintiff's treating physician; and (3) the ALJ included too few restrictions in Plaintiff's RFC. The Court will address each issue in turn.

### **I.     The ALJ's Step Two Analysis**

Plaintiff first asserts that the ALJ erred at Step Two by failing to consider all of his severe impairments; namely, his scoliosis, foot/ankle problems, and chronic pain. This argument is unavailing. Although an ALJ is required at Step Two to consider all evidence that would support a finding of a severe impairment, *see Clifford v. Apfel*, 227 F.3d 863, 873 (2000), Step Two is merely a threshold inquiry: "[a]s long as the ALJ determines that [a] claimant has <u>one</u> severe impairment, the ALJ will proceed to the remaining steps of the evaluative process." *Castile v. Astrue*, 617 F.3d 923, 926-27 (7th Cir. 2010) (emphasis added). Accordingly, the ALJ's

5

failure to consider some of Plaintiff's alleged impairments was of no consequence because the ALJ found that Plaintiff suffered from other severe impairments and thus proceeded with a more holistic evaluation of his functional limitations (including his scoliosis, foot/ankle problems, and pain) at Step Four. (*See* R. 43-46.) Therefore, the ALJ's Step Two error, if indeed it was an error, was harmless. *See Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003).

## II. The ALJ's Step Four Analysis

*A. The Treating Physician Rule*

Plaintiff next asserts that the ALJ violated the treating physician rule by giving no weight to the opinion of his neurologist, Dr. DePhillips. The treating physician rule requires ALJs to give controlling weight to a treating physician's opinion if it is both "well-supported" and "not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527. If the ALJ declines to do so, then he must offer "good reasons for discounting the opinion" in light of the following regulatory factors: (1) the length, nature, and extent of the treatment relationship; (2) the frequency of examination; (3) the physician's specialty; (4) the types of tests performed; and (5) the consistency and support for the physician's opinion. *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) (internal quotations omitted); 20 C.F.R. § 404.1527. Here, although the ALJ gave no weight to Dr. DePhillips' opinion, which is typically an extreme measure, his decision to do so was justified.

6

Above all, the ALJ dismissed Dr. DePhillips' conclusions because they are not supported by the evidence he relied upon. For example, in a 2009 report, Dr. DePhillips proclaimed that Plaintiff was "permanently and totally disabled," but observed that Plaintiff's "neurological examination reveal[ed] good strength in dorsiflexion and plantar flexion" and that MRI testing revealed "mild" and "moderate" disc degeneration. (R. 330.) How these findings support a determination of total disability is unclear. Moreover, such a conclusion is entirely beyond the purview of Dr. DePhillips' expertise. *See Dixon v. Massanari,* 270 F.3d 1171, 1177 (7th Cir. 2001) ("[A] claimant is not entitled to disability benefits simply because her physician states that she is 'disabled' . . . . The Commissioner, not a doctor selected by a patient . . . decides whether a claimant is disabled."); 20 C.F.R. § 404.1527(d) (medical source opinions concerning disability are "not medical opinions . . . but are, instead, opinions on issues reserved to the [judgment of the] Commissioner.") The ALJ also explained that Plaintiff saw Dr. DePhillips only twice, which hardly provides a "longitudinal picture of [Plaintiff's] impairments," as contemplated by the treating physician regulations. 20 C.F.R. 404.1527(c)(2)(i). Dr. DePhillips' findings are thus perfunctory, internally inconsistent, contrary to extensive evidence in the record,[3] and pertain to issues reserved to the Commissioner's discretion. The Court therefore affirms the ALJ's decision to give them no weight whatsoever.

---

[3] *See, e.g.,* (R. 231-33, 240-300, 302-310, 313-26, 371-73).

7

*B. Plaintiff's Credibility*

Although unclear from his brief, Plaintiff appears to argue that the ALJ improperly discredited his claims of disabling pain.[4] To overturn an ALJ's credibility determination, a plaintiff must show that it was "patently wrong" and "lack[ing] in any explanation or support." *Jones v. Astrue*, 623 F.3d 1155, 1162 (7th Cir. 2010). This is a very deferential standard, particularly because "a reviewing court lacks direct access to the witnesses, lacks the trier of fact's immersion in the case as a whole, and lacks the specialized tribunal's experience with the type of case under review." *Carradine v. Barnhart*, 360 F.3d 751, 753 (7th Cir. 2004). In light of this standard, the Court finds no basis to overturn the ALJ's finding.

As the ALJ explained, the weight of objective evidence from both Plaintiff's treating sources and the agency examiners fails to support his claims of disabling pain. Based on this lack of evidence and Plaintiff's failure to follow through with prescribed treatment, the ALJ rightly distrusted Plaintiff's allegation that he could not perform even sedentary work. Thus, although Plaintiff correctly notes that ALJs may not wholly dismiss a claimant's subjective complaints of pain simply because they are inconsistent with other evidence, *Sienkiewicz v. Barnhart*, 409 F.3d 798, 804 (7th Cir. 2005), that is simply not the case here. The ALJ did not dispute that Plaintiff suffered pain and discomfort as a result of his impairments. Rather, the ALJ simply did not believe that Plaintiff's functioning was limited to the extent that

---

[4] The subheading of this section reads "ALJ FAILS TO RECOGNIZE CHRONIC PAIN AS A SEVERE IMPAIRMENT." (Pl.'s Br. at 9.) This heading, and the resulting discussion, suggests a Step Two argument. But, as discussed above, any error the ALJ made in explicating Plaintiff's severe impairments was harmless. Nonetheless, the Court will consider Plaintiff's fragmented arguments as pertaining to the ALJ's credibility analysis.

he claimed. The Court finds no error in this analysis. *See Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005) (explaining that an ALJ need only "minimally articulate" his reasons for discrediting a claimant's testimony).

Plaintiff's only argument to the contrary is a sporadic citation to "medical evidence," such as his scoliosis, ibuprofen regimen, and bad temper, as well as his wife's and his own testimony regarding his alleged pain. Absent from Plaintiff's "argument," however, is any explanation of how this evidence undercuts the ALJ's findings. Therefore, as Plaintiff has not shown the ALJ's credibility determination to be "patently wrong," the Court will not disturb that determination. *See Jones,* 623 F.3d at 1162; *see also U.S. v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) (stating that perfunctory and underdeveloped arguments are waived).

*C. Plaintiff's RFC and Mental Restrictions*

Plaintiff's last argument — that the ALJ included too few restrictions in his RFC calculation — is easily dismissed. Relying on a variety of Seventh Circuit cases, Plaintiff claims the restriction to simple, repetitive, and routine tasks does account fully for his moderate difficulties in concentration, persistence, and pace. The cases on which Plaintiff relies, however, are easily distinguishable: in each case, the ALJ attempted to account for the claimant's moderate difficulties in concentration, persistence, and pace merely by limiting the claimant to simple, repetitive, and routine tasks. *See, e.g., Stewart v. Astrue*, 561 F.3d 679 (7th Cir. 2009); *O'Conner-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010). Here, in contrast, the ALJ limited Plaintiff to simple, repetitive, and routine tasks, and

9

further reduced any workplace stress by restricting him to work performed in a low-stress environment with no strict production quotas, few workplace changes, and involving few work-related decisions. The Court finds these restrictions sufficient. *See Murphy v. Astrue,* No. 11 C 831, 2011 WL 403616, at *12 (N.D. Ill. 2011) (finding that restricting a claimant to slower-paced, non-stressful jobs without strict quotas sufficiently accounts for moderate limitations in concentration, persistence, and pace).

Ultimately, Plaintiff has neither provided any evidence contrary to the ALJ's findings nor demonstrated any legal error in that regard. As such, the Court affirms the ALJ's decision in its entirety.

## CONCLUSION

For the reasons set forth above, the Court denied Plaintiff's Motion for Summary Judgment, [Doc. No. 11].

**SO ORDERED.**        **ENTERED:**

**DATE: February 26, 2015**

_____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**

10